### JOHN R. VINCENT V. STATE OF OHIO.

PHYSICIANS PROHIBITED FROM FILLING PRESCRIPTIONS IN DRUG STORES FOR OTHERS THAN THEIR OWN PATIENTS.

A physician, not a legally registered pharmacist or assistant pharmacist, filling prescriptions for others than his own patients, is not engaged in the business of a physician within the meaning of Sec. 79 of act 99 O. L. 507; hence, in a prosecution for unlawfully selling a certain drug to a person named in violation of Sec. 77 of said act, it is not necessary to negatively aver in the affidavit that the sale charged was not done in connection with the business of a physician, or that the party charged was a physician.

ERROR to Cuyahoga common pleas court.

**William Howell,** for plaintiff in error.

**C. P. Hine,** for defendant in error:

Cited and commented upon the following authorities: *Hale* v. *State,* 58 Ohio St. 676 [51 N. E. Rep. 154]; *State* v. *Miller,* 24 Conn. 522; *State* v. *Abbey,* 29 Vt. 60 [67 Am. Dec. 754]; *Commonwealth* v. *Jennings,* 121 Mass. 47 [23 Am. Rep. 249]; 1 Chitty, Crim. Law 284; *State* v. *Hutchinson,* 55 Ohio St. 573 [45 N. E. Rep. 1043]; *Billigheimer* v. *State,* 32 Ohio St. 435; *Schlagel* v. *State,* 16 Dec. 295 (3 N. S. 429); *State* v. *Kendig,* 133 Iowa 164 [110 N. W. Rep. 463]; *Com-*

Cuyahoga County.

*monwealth* v. *Hovious*, 112 Ky. 491 [66 S. W. Rep. 3]; *People* v. *Moorman*, 86 Mich. 433 [49 N. W. Rep. 263]; *State* v. *Evans*, 130 Wis. 381 [110 N. W. Rep. 241]; *State* v. *Hovorka*, 100 Minn. 249 [110 N. W. Rep. 870; 8 L. R. A. (N. S.) 1272]; *Noel* v. *People*, 187 Ill. 587 [58 N. E. Rep. 616; 52 L. R. A. 287; 79 Am. St. Rep. 238]; *State* v. *Forcier*, 65 N. H. 42 [17 Atl. Rep. 577]; *State* v. *Marble*, 72 Ohio St. 21 [73 N. E. Rep. 1063; 70 L. R. A. 835; 106 Am. St. Rep. 570]; 8 Cyc. 789; *State* v. *Bixman*, 162 Mo. 1 [62 S. W. Rep. 828]; *State* v. *Smiley*, 65 Kan. 240 [69 Pac. Rep. 199; 67 L. R. A. 903]; *France* v. *State*, 57 Ohio St. 1 [47 N. E. Rep. 1041].

## MARVIN, J.

The plaintiff in error was prosecuted before a justice of the peace upon an affidavit which charged:

"That on or about the eighth day of October, A. D. 1908, at and in the county of Cuyahoga and state of Ohio, one John R. Vincent not being then and there a pharmacist legally registered under the laws of the state of Ohio, and not being then and there a legally registered pharmacist under the laws of the state of Ohio, did then and there unlawfully sell a certain poison, to wit, tincture of iodine, to Frank H. Frost, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Ohio."

As a result he was found guilty.

Error was prosecuted to the court of common pleas, where the judgment of the justice was affirmed. It is sought here to obtain a reversal of the judgment of each of said courts.

The prosecution was under Sec. 77 of the act of May 9, 1908 (99 O. L. 507). That section reads:

"No person not a legally registered pharmacist, shall open or conduct a pharmacy or retail drug or chemical store, either as proprietor or manager thereof unless he has in his employ and places in charge of such pharmacy or store a pharmacist legally registered under the laws of this state. No person not a legally registered pharmacist shall compound, dispense, or sell any drug, chemical, poison or pharmaceutical preparation upon the prescription of a physician or otherwise; but a legally registered assistant pharmacist may compound, dispense or sell any such drug, chemical, poison or pharmaceutical preparation when employed in a pharmacy or drug store under the management and control of a legally registered pharmacist."

Section 78 of the same act provides for the punishment of him who violates the provisions of Sec. 77.

Vincent v. State.

By Sec. 79 of the same act, it is provided that:

"The preceding two sections shall not apply to the business of a physician or prevent him from supplying his patients with such medicines as to him seems proper."

It is urged that the affidavit in this case is defective in that it fails to negative the proposition that the sale charged was not done in connection with the business of a physician, or fails to aver that the party charged was not a physician. This contention is not sound. The provision as to the business of a physician, and as to such physician, supplying his patients with such medicines as to him seems proper, is in a separate section of the statutes, and is not used in connection with the definition of the offense.

In the case of *Hale* v. *State*, 58 Ohio St. 676, 687 [51 N. E. Rep. 154], the court in speaking of this matter of negative averment says:

"The test appears to be that, when an exception or proviso in a criminal statute is a part of the description of the offense, it must be negatived by averment in the indictment in order to fully state the offense, but where its effect is merely to take certain persons or acts out of the operation of the general prohibitory words of the statute, the negative averment is unnecessary."

And in the same case this language is used:

"An indictment which charges a violation of the general prohibitory provision, makes a *prima facie* case; and if the accused, or the act with which he is charged, comes within any clause of the proviso, that is a matter which lies more especially within his own knowledge, and should be brought forward by him in defense."

The facts in this case show that the plaintiff in error is a physician; that he is interested in a drug store; that he is not a pharmacist or assistant pharmacist, legally registered; that he made a sale of a drug at this store to the party named in the affidavit at the time named; that the medicine was not furnished to any patient of his, and was not done in his business as a physician. It is urged that because he is a physician and that the drug business carried on at the store where this sale was made is partly owned by him, that he comes within the proviso, that Sec. 77 shall not apply to the business of a physician. This is clearly unsound. The business of a physician in its ordinary use means the professional business of a physician, that is, the practice of the profession of medicine. To hold that this language as used in the statute would include any other than the professional business of the physician would lead to absurd

consequences. Physicians are not prohibited from engaging in banking, merchandising, manufacturing, or any other lawful business, but in no proper sense can the business of banking, merchandising, manufacturing and the like be called the business of a physician.

We reach the conclusion that there was no error in the judgment of the court of common pleas, and the same is affirmed.

**Henry** and **Winch, JJ.**, concur.